Christopher B. Snow (#8858)
Victoria B. Finlinson (#15103)
**CLYDE SNOW & SESSIONS**
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111-2216
Telephone (801) 322-2516
Fax (801) 521-6280
cbs@clydesnow.com
vbf@clydesnow.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WENDY ASKEE,<br><br>Plaintiff,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br><br><br>Case No. 2:20-cv-00296-CMR<br><br>Judge Cecilia M. Romero |

Plaintiff Wendy Askee ("Ms. Askee") complains of Defendant, Petco Animal Supplies Stores, Inc. ("Petco"), and alleges as follows:

### PARTIES

1. Ms. Askee is a female citizen of the United States of America and a resident of Salt Lake County, State of Utah.

2. Petco is a corporation engaged in an industry affecting commerce with headquarters in San Diego, California and doing business nationwide, including Utah.

3. For purposes of this action, brought pursuant to 29 U.S.C. § 2601, et. seq., at all times material hereto, Petco employed a minimum of 50 persons, including Ms. Askee.

4. For purposes of this action, brought pursuant to 29 U.S.C. § 2611, et. seq., at all times material hereto, Petco employed more than 50 persons, including Ms. Askee.

## JURISDICTION AND VENUE

5. This action is brought pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611, et seq. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue lies properly in this District pursuant to 28 U.S.C. § 1391.

## FACTS

7. Ms. Askee was a Companion Animal Lead at Petco Store # 0211 from July 9, 2007 until she was terminated on November 22, 2019.

8. Ms. Askee suffers from depression, which substantially limits one or more of her major life activities.

9. In July of 2019, Ms. Askee's physician recommended Ms. Askee take leave from work to treat her disability and wrote a note for Ms. Askee's employer indicating the same.

10. Ms. Askee presented her doctor's note to her Store Manager, Renee Miller ("Ms. Miller"), and Petco's Leave Department.

11. On July 19, 2019, Ms. Askee began her leave under the Family Medical Leave Act ("FMLA") to treat her depression.

12. Ms. Askee returned to work at Petco on October 1, 2019 and was immediately subject to retaliation and harassment for exercising her rights under the FMLA.

13. On her first day bat work post-FMLA leave, Ms. Askee received a retaliatory letter from the Ms. Miller, in which Ms. Miller made multiple references to Ms. Askee's FMLA leave and how other employees had "basically been doing [her] job since July" and that Ms.

Miller expected "to hear that [Ms. Askee] [was] being very productive because after [she] [has] been off so long [she] should be well relaxed and ready to work." *See* FMLA Return Letter, attached hereto as Exhibit A.



14.     Ms. Askee was also assigned shifts that made it virtually impossible to complete the tasks required of her position. Ms. Askee's Assistant Manager, Nicholeen Antelope, would schedule Ms. Askee for midday and night shifts rather than for morning, weekday shifts in order for her to clean the cages when the store was less busy, as she had been assigned prior to taking FMLA leave.

15.     Ms. Askee was also subject to derogatory and retaliatory comments regarding her FMLA leave. For example, Ms. Miller made statements that Ms. Askee only took time off for fun and not for a disability and that it was not fair that Ms. Askee took time off while everyone else did her job for her.

16.     Ms. Askee was harassed to such an extent that Ms. Askee was discouraged and frightened to utilize additional intermittent FMLA leave to which she was entitled.

17. In further retaliation, Petco managers and supervisors submitted false complaints to Petco in an effort to get Ms. Askee fired.

18. These complaints and statements were submitted in retaliation of Ms. Askee exercising her FMLA rights.

19. This retaliatory conduct culminated in Ms. Askee's suspension on November 12, 2019 and ultimate termination on November 22, 2019.

20. Ms. Askee was told that she was being terminated for inappropriate, sexual comments, despite the fact that she had never received a formal warning as to any alleged sexual comments.

21. On November 22, 2019, Ms. Askee submitted a claim for unemployment benefits to the Utah Department of Workforce Services.

22. Petco opposed Ms. Askee's claim for unemployment.

**FIRST CAUSE OF ACTION**
**(Violations of the FMLA – Retaliation)**

17. Ms. Askee incorporates herein each and every allegation contained in this Complaint and alleges as follows:

18. Petco retaliated against Ms. Askee for exercising her FMLA rights when it criticized her for absenteeism, denied her shifts required for her position and then terminated her employment after exercising her FMLA right to leave for her depression.

19. Similarly situated Petco employees whom did not exercise their FMLA rights were not disciplined or terminated.

20. Petco further retaliated against Ms. Askee for her attempted exercise of her FMLA rights when it endeavored to deny her unemployment benefits based on her retaliatory motivated termination.

21. Petco's conduct violated the FMLA, 29 U.S.C. §2615(a)(2), and it is liable to Ms. Askee for all wages and wage increases, health insurance and all other employee benefits and other compensation to which she would have been entitled but for Petco's conduct, as well as prejudgment interest on those losses, and an additional amount as liquidated damages equal to her damages plus prejudgment interest thereon, reasonable attorney's fees, reasonable expert witness fees and any other costs of this action, and for such other and further equitable relief as this Court deems appropriate (including front-pay).

## PRAYER FOR RELIEF

WHEREFORE, Ms. Askee, demanding a trial by jury, prays for judgment against Petco as follows:

1. On her First Cause of action, for judgment determining that Petco violated the FMLA and is therefore liable to Ms. Askee for damages equal to her wages, salary, employment benefits, or other compensation which were denied or lost to her as a result of Petco's violation of the FMLA;

2. For prejudgment interest on her wages, salary, employment benefits, or other compensation lost or denied to Ms. Askee as a result of Petco's FMLA violations;

3. For liquidated damages in an amount equal to the sum of the amounts awarded in her First Cause of action, above;

4. For Plaintiff's reasonable attorney's fees, reasonable expert witness fees, and any other costs of the action;

5. For post-judgment interest on all amounts awarded to Ms. Askee herein accruing from the date of judgment to the date of satisfaction of judgment awarded herein; and

6. For such other further equitable relief as this Court deems appropriate under the circumstances (including employment, reinstatement and promotion).

DATED this 5th May, 2020

                              CLYDE SNOW & SESSIONS

                              */s/ Christopher B. Snow*
                              Christopher B. Snow
                              Victoria B. Finlinson